UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM FRANCIS FORD, JR. | CIVIL ACTION NO. 14-cv-2550 |
| VERSUS | JUDGE FOOTE |
| CAROL D. RUSHTON, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

William Francis Ford, Jr. ("Plaintiff") (California) filed suit in a Louisiana state court against Carol Rushton (Texas) and her former employer Regions Bank. Plaintiff alleged that Rushton misappropriated funds from his bank accounts. Regions Bank removed the case based on an assertion of diversity jurisdiction, which places the burden on it to assert facts that establish that there is diversity of citizenship. Regions Bank alleges in its notice of removal that it "is a national bank organization, with its principal place of business in the State of Alabama." As explained below, more information is necessary to determine Regions Banks' citizenship.

National banks are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. A national bank is chartered by the Comptroller of the Currency of the U.S. Treasury and must designate in its organization certificate and articles of association the "place where its operations of discount and deposit are to be carried on," which serves as its "main office." Wachovia Bank, N.A. v. Schmidt, 126 S.Ct. 941, 945 n.1 (2006). The Supreme Court held in Wachovia that Section 1348's use of the term "located" does not make a national bank a citizen of every state in which it maintains a branch. Rather,

it "is a citizen of the State in which its main office, as set forth in its articles of association, is located." Id. at 945.

There is some debate about whether a national bank is (1) a citizen only of the state in which it has its main office as listed in its articles or (2) also a citizen of the state in which its principal place of business, as determined by the "nerve center" test of Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010), is located.  One state will often be home to both, but sometimes the places are in different states.  See Rouse v. Wachovia Mortg., F.S.B., 747 F.3d 707 (9th Cir. 2014); Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702 (8th Cir. 2011).  Prior to Wachovia, the Fifth Circuit stated in Horton v. Bank One, N.A., 387 F.3d 426, 431 (5th Cir. 2004) that "located" refers to "a national bank's principal place of business as well as the state specified in the bank's articles of association."  It is not clear whether the Fifth Circuit would maintain that stance after Wachovia.

In light of this uncertainty, it is best for national banks to state clearly on the record both the state in which the bank has its main office and the state that is home to its principal place of business.  Regions has asserted its principal place of business (Alabama), but it has not alleged the state in which it has its main office as listed in its articles.  Regions is directed to file an amended notice of removal by **October 10, 2014** and clarify its citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2014.

Mark L. Hornsby
U.S. Magistrate Judge